# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

December 5, 2018

<u>Via ECF</u>
Honorable Arlene R. Lindsay,
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*HSIEH a/k/a Ruby Hsieh et al. v REVIVE NAIL SPA CORP. d/b/a Revive Nails & Spa et al., 17-cv-07598*

Dear Judge Lindsay:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

**I.   Background**

Plaintiff HUI-JU HSIEH a/k/a Ruby Hsieh was employed by Defendants REVIVE NAIL SPA CORP. d/b/a Revive Nails & Spa and CHI ONN LAI, and LAY HEONG LEE, (collectively, "Defendants"),

This lawsuit was originally filed on January 08, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number,

Hon. Arlene R. Lindsay,
Page 2

employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (7) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.     The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Sixty-Five Thousand Dollars ($65,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of her employment, the nature of her work, the hours she worked, and the pay she received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff HUI-JU HSIEH a/k/a Ruby Hsieh claimed that she worked approximately sixty-three (63) hours on average each week from July 08, 2015 to December 31, 2016; for about fifty-eight (58) hours on average each week from January

Hon. Arlene R. Lindsay,
Page 3

01, 2017 to July 14, 2017; and she was paid Four Hundred Eighty Dollars ($480.00) per week from July 08, 2015 to July 14, 2017.

Plaintiff HUI-JU HSIEH a/k/a Ruby Hsieh's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Forty-One Thousand Six Hundred Sixty-Three Dollars And Eighty-Nine Cents ($41,663.89) and her minimum wage, overtime compensation and spread-of-hour shortfall under the NYLL was Forty-Seven Thousand Eight Hundred Twenty-Two Dollars And Forty-Six Cents ($47,822.46). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Nine Thousand Four Hundred Seventy-One Dollars And Twenty-One Cents ($9,471.21) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is One Hundred Fifteen Thousand One Hundred Sixteen Dollars And Thirteen Cents ($115,116.13).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Sixty-Five Thousand Dollars ($65,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment and amount of compensation. Defendants vehemently deny, however, that Plaintiff worked 63 hours per week for the first year of employment and 58 hours per week during her last year of employment. Instead, Defendants' analysis of schedules, payroll records and wage statements provided to Plaintiff reflect that Plaintiff worked on average approximately 45 hours per week.

Using the flat rate of $480.00 per week and an average of 45 hours worked per week, Defendants estimate Plaintiff's damages, exclusive of attorneys' fees, as $19,492.28

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Sixty-Five Thousand Dollars ($65,000.00).

Hon. Arlene R. Lindsay,
Page 4

    The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand Seventy-Nine Dollars And Fifty Cents ($1,079.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Sixty-Three Thousand Nine Hundred Twenty Dollars And Fifty Cents ($63,920.50).

    Of the Net Settlement Amount, One Third (1/3), or Twenty-One Thousand Three Hundred Six Dollars And Eighty-Three Cents($21,306.83), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Seventy-Nine Dollars And Fifty Cents ($1,079.50) for a total of Twenty-Two Thousand Three Hundred Eighty-Six Dollars And Thirty-Three Cents ($22,386.33). Of the Net Settlement Amount, Two Thirds (2/3), or Forty-Two Thousand Six Hundred Thirteen Dollars And Sixty-Seven Cents($42,613.67) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

    The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiff's Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (<u>See</u> Exhibit 3).

    For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.


Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **ALI LAW GROUP, P.C.** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

| | |
|---|---|
| /s/ John Troy | _____/s/_____ |
| John Troy, Esq. | Sima A. Ali, Esq. |
| 41-25 Kissena Blvd., Suite 119 | 11 Prospect Street, Suite 1a |
| Flushing, NY 11355 | Huntington, NY 11743 |
| Tel.: 718 762 1324 | Tel: 631 423 3440 |

Case 2:17-cv-07598-JMA-ARL Document 17 Filed 12/05/18 Page 5 of 5 PageID #: 148